IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| THE BALTIMORE LIFE<br>INSURANCE COMPANY<br>10075 Red Run Boulevard<br>Owings Mills, MD 21117 | * | |
| | * | Civil Action No. |
| Plaintiff | * | |
| | * | |
| vs. | * | |
| | * | |
| DEBORAH PURNELL<br>4706 Frankford Avenue<br>Baltimore, Maryland 21206 | * | |
| | * | |
| and | * | |
| | * | |
| HENRY BOND, JR.<br>3805 Hamilton Avenue<br>Baltimore, Maryland 21206 | * | |
| | * | |
| and | * | |
| | * | |
| MARCH FUNERAL HOME EAST, INC.<br>1101 East North Ave.<br>Baltimore, Maryland 21202 | * | |
| | * | |
| **SERVE ON:**<br>RESIDENT AGENT<br>VICTOR C. MARCH, SR.<br>5719 York Road<br>Baltimore, Maryland 21212 | * | |
| | * | |
| | * | |
| and | * | |
| | * | |
| C&J FINANCIAL, LLC<br>P.O. Box 7070<br>Rainbow City, Alabama 35906 | * | |
| | * | |
| | * | |
| | * | |

{00335418v. (14249.00012)}

```
SERVE ON:                              *
RESIDENT AGENT
SCOTT M. QUIST                         *
49-7A Sutton Bridge Road
Rainbow City, Alabama 35906            *

              Defendants
*    *    *    *    *    *    *    *    *    *    *    *
```

## THE BALTIMORE LIFE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DEPOSIT FUNDS, FOR ATTORNEYS' FEES AND FOR ORDER OF DISCHARGE AND DISMISSAL

Interpleader plaintiff The Baltimore Life Insurance Company ("Baltimore Life"), by undersigned counsel, submits this memorandum of law in support of its motion to deposit funds, for attorneys' fees and for order of discharge and dismissal, and states:

### I. INTRODUCTION

Baltimore Life is the issuer of a Life Insurance Policy No. P0005075329 ("the Policy") to which Defendants all claim, or may claim, the conflicting rights to payment. This interpleader action is necessary to resolve Baltimore Life's uncertainty as to whom to direct death benefit payments and to eliminate the possibility that Baltimore Life may be forced to litigate multiple lawsuits concerning the policy and/or be required to make the same payments to more than one party. In the interpleader complaint, Baltimore Life relies on 28 U.S.C. § 1335 (statutory interpleader) as the basis for the Court's exercise of jurisdiction. Jurisdiction under 28 U.S.C. § 1335 is conditioned upon the stakeholder's deposit of the interpleader property into the Registry of the Court. *See* U.S.C. § 1335(a)(2). In order to exercise jurisdiction under 28 U.S.C. § 1335, the Court should direct Baltimore Life to deposit the death benefit due under the Policy into the Registry of the Court. Baltimore Life is ready, willing, and able to deposit the Policy proceeds (approximately $15,000.00) into the Registry of the Court. Upon deposit of the Policy proceeds, Baltimore Life will no longer be a necessary party to this action. Baltimore Life, therefore,

should be discharged of liability in and dismissed from this action upon deposit of the interpleader property.

## II.     FACTUAL BACKGROUND

On or about November 9, 2007, Rozella Bond ("Ms. Bond") applied for and purchased from Philadelphia-United Life Insurance Company ("Philadelphia-United"), of which Baltimore Life is a successor-in-interest, a life insurance policy, no. P0005075329, (the "Policy"). The application and a sample of the Policy are attached is attached as **Exhibit 1** to the Complaint.[1] The Policy has a face value of approximately $15,000.00 ("Death Benefit"). Ms. Bond was the owner of the Policy. The Policy named Ms. Purnell and Mr. Bond as beneficiaries.[2]

On or about July 18, 2011, Ms. Bond purportedly executed a change of beneficiary form naming Ms. Purnell as the Primary Beneficiary of the Policy. A true and accurate copy of the form is attached as **Exhibit 2** to the Complaint. The change of beneficiary was never received by Baltimore Life and not an acceptable beneficiary change form in the first instance.

Upon information and belief, Ms. Bond passed away on or about May 7, 2016.

On or about May 12, 2016, Ms. Purnell submitted a Claimant's Statement. A true and accurate copy of Ms. Purnell's Claimant's Statement is attached as **Exhibit 3** to the Complaint. On or about May 12, 2016, Mr. Bond submitted a Claimant's Statement. A true and accurate copy of Ms. Bond's Claimant's Statement is attached as **Exhibit 4** to the Complaint.

On or about May 12, 2016, Ms. Purnell arranged funeral services for Ms. Bond with the Funeral Home. True and accurate copies of the Funeral Home's invoices are attached as **Exhibit 5** to the Complaint. On or about May 12, 2016, Ms. Purnell executed an Irrevocable Assignment and Power of Attorney in favor of the Funeral Home for a portion of the Death Benefit to cover

---

[1] As successor-in-interest to Philadelphia-United, Baltimore Life was unable to locate a copy of the original, executed Policy.
[2] Ms. Purnell's maiden name is Deborah Bond.

the cost of Ms. Bond's funeral and related expenses. A true and accurate copy of Ms. Purnell's assignment is attached as **Exhibit 6** to the Complaint. On the same date, the Funeral Home executed an Irrevocable Reassignment and Power of Attorney of Ms. Purnell's assignment to C&J. On or about May 20, 2016, Mr. Bond executed an Irrevocable Assignment and Power of Attorney in favor of the Funeral Home for a portion of the Death Benefit to cover the cost of a portion of Ms. Bond's funeral and related expenses. A true and accurate copy of Mr. Bond's assignment is attached as **Exhibit 7** to the Complaint. On the same date, the Funeral Home executed an Irrevocable Reassignment and Power of Attorney of Mr. Bond's assignment to C&J. *See id.*

On or about May 20, 2016, C&J submitted a letter to Baltimore Life notifying it of the Funeral Home's reassignments of the relevant portions of the Death Benefit to C&J and stating "we are Holders in Due Course on this claim and such payment needs to be forwarded to C&J Financial, LLC[.]" A true and accurate copy of the May 20, 2016, letter is attached as **Exhibit 8** to the Complaint.

There is now a dispute as between Ms. Purnell and Mr. Bond as to who is the beneficiary of the Policy because Ms. Purnell's change of beneficiary form was not received by Baltimore Life and is not an acceptable form. Moreover, because the beneficiary is in dispute, Ms. Purnell and Mr. Bond's assignments to the Funeral Home and the Funeral Home's reassignments to C&J may be invalid. Baltimore Life made numerous efforts to informally resolve the dispute as to the Death Benefit before filing this interpleader action. Ultimately, Baltimore Life was unable to reach an agreement regarding any portion of the Death Benefit.

Baltimore Life is in serious doubt and cannot safely determine its liability as among the Defendants with regard to the payment of the Death Benefit. Baltimore Life does not know to

which of the Defendants, if any, it may safely pay the Death Benefit, since the demands that have been made or may be made by the Defendants are contradictory. Without relief from this Court, Baltimore Life is at risk of multiple litigation and payment obligations.

Unless the Defendants are restrained or enjoined from prosecuting suits against Baltimore Life and/or involving the policy, either directly or indirectly, Baltimore Life will be subjected to multiple, contradictory claims and/or inconsistent lawsuits and judgments, the outcomes of which will not properly determine the manner in which the death benefit established by the policy should be distributed among the Defendants. Baltimore Life makes no claim to the payments to be made pursuant to the policy other than for payment of its costs and reasonable attorney's fees incurred in connection with this action.

### III.   ARGUMENT

This Court has jurisdiction to hear Baltimore Life's interpleader complaint and grant the relief requested therein, provided that the criteria set forth in 28 U.S.C. § 1335 are satisfied. *See* 28 U.S.C. § 2361 (providing for permanent injunctive relief and discharge of liability in statutory interpleader action); *see also Fid. & Guar. Life Ins. Co. v. Freeman*, 94 F. Supp. 2d 689, 691 (D. Md. 2000) (indicating under 28 U.S.C. § 1335 "[o]nce the Court determines that the filing party is disinterested and that the Court has jurisdiction, the Court may issue an order discharging that party"). The requirements for statutory interpleader are satisfied where: (i) the amount in controversy exceeds $500; (ii) two or more adverse claimants are of diverse citizenship; and (iii) the plaintiff has deposited the interpleader property into the Registry of the Court. *See* 28 U.S.C. § 1335(a).

In this case, the amount in controversy requirement is satisfied because the total death benefit due under the Policy exceeds $500. There is minimal diversity between two or more

adverse claimants because interpleader defendants Ms. Purnell, Mr. Bond and March Funeral Homes East, Inc. are citizens of Maryland and interpleader defendant C&J Financial, LLC is a citizen of Alabama. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530-31 (1967) (holding that 28 U.S.C. § 1335 requires only minimal diversity without regard to the fact that some adverse claimants are citizens of the same state). The only element that remains to be satisfied, therefore, is the deposit of the interpleader property into the Registry of the Court.

The deposit of the Policy proceeds may be made pursuant to Federal Rule of Civil Procedure 67, which provides "a party–on notice to every other party and by leave of court–may deposit with the court all or part of the money or thing, whether or not that party claims any of it." Fed. R. Civ. P. 67(a). Deposit of funds into the Registry of the Court is useful particularly in cases of interpleader. *See* 12 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2991 (2d ed. 1997). The Court can perfect jurisdiction over the interpleader action by granting Baltimore Life leave to deposit the Policy proceeds. *See Lutheran Bhd. v. Comyne*, 216 F. Supp. 2d 859, 862 (ED. Wis. 2002); *see also* 48 C.J.S. Interpleader § 21 (2004).

Baltimore Life claims no interest in the death benefit due under the Policy and is an impartial stakeholder. In its interpleader complaint, Baltimore Life acknowledges that it owes the death benefit due under the Policy to one or more of the interpleader defendants. Faced with adverse claims to the Policy death benefit, and uncertain as to whom the death benefit is properly payable, Baltimore Life asks this Court to resolve the adverse claims. Deposit of the death benefit into the Registry of the Court will ensure the preservation and availability of the funds should it be determined that one or more of the interpleader defendants is entitled to the death benefit. *See generally* 7 Wright & Miller, Federal Practice & Procedure §§ 1716, 2991. Once the Policy proceeds are deposited into the Court's registry, no reason exists for Baltimore Life to

remain a party to this action. Accordingly, the Court should permit Baltimore Life to deposit the interpleader property into the Registry of the Court and, upon deposit of the interpleader property, discharge Baltimore Life of liability relative to the Policy and dismiss it from this matter with prejudice.

Finally, as an impartial stake holder, Baltimore Life is entitled to attorneys' fees incurred as a result of this action. *See Rapid Settlements, Ltd. v. U.S. Fid. & Guar. Co.*, 672 F. Supp. 2d 714, 722 (D. Md. 2009); *Safemasters Co. v. D'Annunzio & Circosta*, No. CIV. K-93-3883, 1994 WL 512140, at *4 (D. Md. July 18, 1994). The Court has broad discretion to award costs and attorneys' fees to a stakeholder in an interpleader action when it is fair and equitable to do so. *See Rapid Settlements, Ltd.*, 672 F. Supp. 2d at 722; *Safemasters Co.*, No. CIV. K-93-3883, 1994 WL 512140, at *5; *see also Corrigan Dispatch Co. v. Casa Guzman S.A.* 696 F.2d 359. 364 (5th Cir. 1983) (affirming fee award); *United States Fidelity and Guaranty Co. v. Sidwell*, 525 F.2d 472, 475 (10th Cir. 1975) (same); *Liberty Life Assur. Co. of Boston v. Ramos*, CV-11-156-PHX-LOA, 2012 WL 10184 (D. Ariz. Jan. 3, 2012) (awarding fees); *Prudential Ins. Co. of Am. v. Estate of Norva*, CV07-00616SOM-LEK, 2009 WL 5126340 (D. Haw. Dec. 28, 2009) (same); *Tower Life Ins. Co. v. Tucker*, 557 F. Supp. 2d 1287, 1293 (D.N.M. 2007); *Prudential-Bache Securities. Inc. v. Tranakos,* 593 F. Supp. 783, 786 (N.D. Ga. 1984) (same); *Equifax. Inc. v. Luster*, 463 F. Supp. 352 (E.D. Ark. 1978), *affirmed on other grounds*, 604 F.2d 31 (8th Cir. 1979), *cert. denied*, 445 U.S. 916 (1980) (same).

Baltimore Life recognizes the relatively small amount in controversy, and to avoid any issue of reasonableness, proposes an attorneys' fee and cost award of only $1,000.00.

## IV. CONCLUSION

For the reasons stated herein, Baltimore Life respectfully requests that the Court enter an order: (i) granting leave to deposit into the Registry of the Court the death benefit due under the Policy; (ii) discharging Baltimore Life, its predecessors in interest, and its successors in interest, from any and all liability with respect to, affecting, or in any way arising out of the Policy; (iii) permanently enjoining interpleader defendants from instituting or prosecuting any action in any federal, state, or administrative forum against Baltimore Life with respect to, affecting, or in any way arising out of the Policy; (iv) awarding Baltimore Life reasonable attorneys' fees and costs, which shall be subtracted from the interpleader property before depositing the funds with the Court; and (v) dismissing Baltimore Life from this matter with prejudice.

                              /s/
Robert W. Hesselbacher, Jr., Bar No. 02380
Marc A. Campsen, Bar No. 989796
Wright, Constable & Skeen, LLP
100 N. Charles Street, 16th Floor
Baltimore, Maryland 21201
Tele: (410) 659-1300
Fax: (410) 659-1350
*Attorneys for Interpleader Plaintiff*
*Baltimore Life Insurance Company*